UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOSEPH GUTIERREZ, on Behalf of Himself and Others Similarly Situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> DRILL CUTTINGS DISPOSAL COMPANY, <br><br> *Defendant*. | CASE NO. **5:14-cv-17** <br><br><br> COLLECTIVE ACTION |

# COMPLAINT

### SUMMARY

1. Drill Cuttings Disposal Company LLC (DCDC) is a company that provides (go figure) drill cuttings disposal services to the oil and gas industry. It pays some its employees a flat amount for each day they work. Although these workers regularly work more than 40 hours a week, DCDC does not pay them overtime. DCDC's policy of paying these employees a day rate, with no overtime pay, violates the Fair Labor Standards Act (FLSA). This collective action seeks to recover the unpaid wages and other damages owed to these workers.

### JURISDICTION & VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (b) & (c) because DCDC resides in this District, and a substantial part of the events alleged herein occurred in this

District and Division. For example, Gutierrez spent a significant portion of his time working for DCDC in Corizo Springs and Gonzalez, Texas. Thus, much of the unpaid overtime work occurred in this District and Division.

## PARTIES

4.Joseph Gutierrez (Gutierrez) was an employee of DCDC. He worked for DCDC from approximately 1 year, ending in early 2012. DCDC paid him according to its day rate policy. Gutierrez's written consent to this action is attached.

5.Gutierrez brings this action on behalf of himself and all other similarly situated workers who were paid on DCDC's day rate system (the "Day Rate Workers"). DCDC paid each of the Day Rate Workers a flat amount for each day worked with no overtime premium for hours worked in excess of 40 in a workweek. DCDC is a Louisiana corporation and it employed Gutierrez and the other Day Rate Workers. DCDC may be served through its registered agent.

## FACTS

6.DCDC is a drill cuttings disposal company supplies products and services to the oil and gas industry.[1]

7.In each of the past three years, DCDC's gross revenues exceeded $500,000.

8.Over the past three years, DCDC employed dozens of individuals – including Gutierrez – as Day Rate Workers across Texas and Louisiana. The Day Rate Workers routinely handle goods or materials – such as hard hats, tools, steel toe shoes, automobiles, and cell phones - that have moved in, or were produced for, interstate commerce. While the Day Rate Workers'

---

[1]*See* http://drillcuttingsdisposalcompany.com/aboutus.html.

job duties may vary somewhat, these differences are not relevant for determining their rights to overtime pay.

9. DCDC pays its Day Rate Workers a day rate for the work they perform. Gutierrez and the Day Rate Workers' day rates are readily found in DCDC's payroll records.

10. The Day Rate Workers are only paid for days they work.

11. DCDC's Day Rate Workers are non-exempt employees. While the precise job duties of the Day Rate Workers may vary somewhat, any variations do not impact their entitlement to overtime for hours worked in excess of 40 in a workweek.

12. An employer can pay a non-exempt employee on day rate basis *provided* the employee receives overtime pay for hours worked in excess of 40 in a week. 29 C.F.R. § 778.112.

13. DCDC regularly scheduled Gutierrez, and other Day Rate Workers, for 84 hours of work per week. Gutierrez and the Day Rate Workers regularly worked at least 84 hours in a week.

14. DCDC knows its Day Rate Workers work more than 40 hours in a week. DCDC's records reflect this fact.

15. DCDC also knows its Day Rate Workers are not exempt from the FLSA's overtime provisions (or the provisions of any similar state overtime laws).

16. Nonetheless, DCDC does not pay its Day Rate Workers overtime for hours worked in excess of forty in a workweek.

### COLLECTIVE ALLEGATIONS

17. DCDC's policy of paying non-exempt workers a day rate, with no overtime pay, violates the FLSA (and similar state overtime laws).

18.     DCDC's day rate policy affects all the Day Rate Workers in a similar manner. Gutierrez and the other Day Rate Workers are similarly situated for the purposes of their overtime claims.

19.     The collective action class is therefore properly defined as:

**All Day Rate Workers employed by DCDC since January 8, 2011.**

### FIRST CAUSE OF ACTION – VIOLATION OF THE FLSA

20.     By failing to pay Gutierrez and the other Day Rate Workers overtime at one-and-one-half times their regular rates, DCDC violated the FLSA's overtime provisions.

21.     DCDC owes Gutierrez and the other Day Rate Workers the difference between the rate actually paid and the proper overtime rate. Because DCDC knew, or showed reckless disregard for whether, its pay practices violated the FLSA, DCDC owes these wages for at least the past three years.

22.     DCDC also owes Gutierrez and the other Day Rate Workers an amount equal to the unpaid overtime wages as liquidated damages.

23.     Gutierrez and the other Day Rate Workers are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

### SECOND CAUSE OF ACTION – VIOLATION OF THE NORTH DAKOTA WAGE LAWS

24.     Gutierrez incorporates all allegations in the preceding paragraphs by reference.

25.     The foregoing conduct, as alleged, violates North Dakota Century Code Title 34 and the North Dakota Minimum Wage and Work Conditions Order (N.D. Admin. Code § 46-02-07-01 et seq.) (the "North Dakota Wage Laws").

26. At all relevant times, DCDC was subject to the requirements of the North Dakota Wage Laws. At all relevant times, DCDC employed Gutierrez and other Day Rate Workers as "employees" within the meaning of the North Dakota Wage Laws.

27. The North Dakota Wage Laws require an employer like DCDC to pay employees at one and one-half times the regular rate of pay for hours worked in excess of 40 hours in any one week. Gutierrez and other Day Rate Workers were entitled to overtime pay under the North Dakota Wage Laws.

28. Within the applicable limitations period, DCDC had a policy and practice of failing to pay overtime for hours worked in excess of 40 hours per workweek.

29. Gutierrez and other Day Rate Workers are entitled to unpaid overtime in amount equal to one and one-half times their regular rates of pay for work performed in excess of forty hours in a workweek; prejudgment interest; all available penalty wages; and such other legal and equitable relief as the Court deems just and proper.

30. Gutierrez also seeks recovery of attorneys' fees, costs, and expenses of this action, to be paid by DCDC, as provided by North Dakota law.

## PRAYER

Wherefore, Gutierrez prays for relief as follows:

1. An order allowing this action to proceed as a representative collective action under the FLSA;

2. Judgment awarding Gutierrez and the other Day Rate Workers all unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses under the FLSA;

3. Pre- and post-judgment interest at the highest rate allowable by law; and

4. All such other and further relief to which Gutierrez and the other Day Rate Workers may show themselves to be justly entitled.

>Respectfully submitted,
>
>**BRUCKNER BURCH PLLC**
>
>    **/s/ Rex Burch**
>By: _____
>    Richard J. (Rex) Burch
>    S.D. Tex. No. 21615
>    Texas Bar No. 24001807
>    *Attorney-In-Charge for Plaintiffs*
>8 Greenway Plaza, Suite 1500
>Houston, Texas 77046
>Telephone: (713) 877-8788
>Telecopier: (713) 877-8065
>rburch@brucknerburch.com